ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7|10|18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

DAVID ZIMAND,

             Plaintiff,             18 Civ. 6065 (LLS)

    - against -              ORDER TO SHOW CAUSE

FASHIONISTO LLC,

             Defendant.

- - - - - - - - - - - - - - - - - - -X

LOUIS L. STANTON, District Judge:

This is a copyright infringement action regarding a photograph of Israeli model Bar Refaeli and her now-husband, Israeli businessman Adi Ezra. David Zimand, a photojournalist, owns a copyright in the photograph. Compl. (Dkt. No. 1) ¶¶ 5, 10. The complaint alleges that Fashionisto LLC infringed Mr. Zimand's copyright by reproducing and publicly displaying without a license the photograph on its website, accompanying an article published on March 11, 2015, entitled "Bar Refaeli Is Engaged." Id. ¶ 19, Ex. B.

**STANDARD**

Local Civil Rule 54.2 provides, "The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." S.D.N.Y. Local Rule 54.2.

-1-

One such cost is attorneys' fees; the Copyright Act permits a prevailing defendant to recover its reasonable attorneys' fees. 17 U.S.C. § 505.  Security bonds are often considered appropriate where the merits of a plaintiff's case are questionable.  See, e.g.,  Selletti v. Carey, 173 F.R.D. 96, 102 (S.D.N.Y. 1997), aff'd, 173 F.3d 104 (2d Cir. 1999); Bressler v. Liebman, No. 96 Civ. 9310 (LAP), 1997 WL 466553, at *4 (S.D.N.Y. Aug. 14, 1997).

## DISCUSSION

The complaint and its exhibits raise the prospect that Fashionisto LLC's display of the photograph could constitute fair use.  In this case, the photograph on the defendant's website is displayed in conjunction with an article that reports the couple's engagement.  That display is at least arguably protected by the Copyright Act as being used "for purposes such as criticism, comment, [or] news reporting."  17 U.S.C. § 107 (2012).

Although a more informed view of the relevant facts will emerge as the litigation proceeds, it appears reasonably possible that Fashionisto LLC may prevail on a defense of fair use and recover attorneys' fees.  It may be prudent to assure that, if so, funds will be on hand to pay them.

## CONCLUSION

Plaintiff is directed to show cause, on or before July 24, 2018, why an order should not be entered requiring that he post security for costs as a condition of proceeding further with this action.  Plaintiff's counsel is hereby directed to serve a copy of this order on defendant no later than July 17, 2018. Defendant may respond to plaintiff's submission, if any, no later than July 31, 2018.  Plaintiff may reply to any submission on behalf of defendant no later than August 7, 2018.

So ordered.

Dated:  New York, New York
        July 10, 2018

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.